No. 14401

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THELMA L. FRAUNHOFER,

Plaintiff and Appellant,

-vs-

DONALD L. PRICE, PERSONAL REPRESENTATIVE
OF THE ESTATE OF OMAR C. FRAUNHOFER,

Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

James, Gray & McCafferty, Great Falls, Montana
Dennis McCafferty argued, Great Falls, Montana

For Respondent:

Church, Harris, Johnson & Williams, Great Falls, Montana
M. O. Wordal argued, Great Falls, Montana

---

Submitted:  February 6, 1979

Decided: APR 30 1979

Filed: APR 30 1979

Clerk

The Honorable James B. Wheelis, District Judge, delivered the Opinion of the Court.

Plaintiff Thelma L. Fraunhofer appeals from an order of the District Court of the Eighth Judicial District, Cascade County, the Honorable Joel G. Roth presiding, granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

This case involves an attempt by plaintiff to have a divorce decree declared void ab initio and to have herself declared to be the widow of Omar C. Fraunhofer; or, as an alternative, to have a purported property settlement agreement between the parties rescinded and to have the District Court determine a fair and equitable division of the property; or, as an alternative, to have the alimony and maintenance provisions of the decree of divorce modified because of substantial and continuing changed circumstances.

On February 9, 1971, Omar C. Fraunhofer commenced an action for divorce, Civil Cause Number 72791-C, against his then wife, Thelma L. Fraunhofer, on the grounds of extreme cruelty, in the District Court of the Eighth Judicial District, Cascade County. On February 19, 1971, Thelma L. Fraunhofer executed an agreement, which was later incorporated in the divorce decree, along with an Admission of Service, Waiver of Time to Appear, and Consent to Judgment. On March 25, 1971, a decree of divorce was granted to Omar C. Fraunhofer in the District Court.

As part of the decree, the agreement between the parties respecting property and alimony payments was approved by the court and incorporated by reference in the decree of divorce. This agreement noted that the parties were married on June 28, 1948; that "the WIFE [had] assisted the HUSBAND

-2-

in his farm and ranch operations and [had] contributed greatly to the maintenance of the property owned by her HUSBAND"; that the parties had carefully considered their separate rights and interests; and that they had each been represented by attorneys throughout the negotiations which resulted in the agreement. The agreement then provided that the husband would pay the wife $33,000 "as and for ALIMONY," to be paid in the following manner:

"A. The sum of Fifteen Thousand and no/100 Dollars ($15,000.00) upon the execution of this Agreement.

"B. The balance of Eighteen Thousand and no/100 Dollars ($18,000.00) shall be paid in equal monthly payments of Three Hundred and no/100 Dollars ($300.00) commencing March 1, 1971, and thereafter on the first day of each succeeding month until the sum of Eighteen Thousand and no/100 Dollars ($18,000.00) has been paid in full. This will require sixty (60) monthly payments."

The agreement went on to provide that the sixty monthly payments would be paid regardless of the marital status of the wife, and regardless of whether the husband or wife died prior to payment in full of all sixty payments.

In return Thelma Fraunhofer agreed to transfer all stock in Montana Plumbing held jointly or solely in her name, and all interest in farm machinery, equipment, and personal property located on the ranch property to Omar Fraunhofer.

No appeal was taken from the decree, and the final installment under the agreement was paid on February 1, 1976. On January 3, 1977, Omar Fraunhofer died, and Donald L. Price, plaintiff's brother, was appointed personal representative of his estate on January 10, 1977. Almost nine months later, on October 24, 1977, Thelma Fraunhofer filed a motion in Civil Cause Number 72791-C, Omar C. Fraunhofer v.

Thelma L. Fraunhofer, for substitution of decedent's personal representative to defend against her attached petition. The petition raised essentially the same claims as the complaint in the instant case, but the District Court denied the motion on November 10, 1977, finding there was no pending claim or cause. Thelma Fraunhofer did not appeal that order.

On December 8, 1977, plaintiff filed a complaint commencing this action against decedent's personal representative. The complaint consisted of three claims. The first claim attacked the divorce decree and the settlement agreement on grounds of fraud. It asked that the decree and agreement be declared void and that plaintiff be adjudged the widow of the decedent and thereby entitled to all of the benefits accorded a surviving spouse. The second claim attacked only the settlement agreement, asking that the agreement be rescinded and a new division of property be made between plaintiff and the decedent. The third claim affirmed both the decree and the agreement, alleged a change in circumstances, and asked that the provision in the settlement agreement providing for "alimony" be modified in light of the changed circumstances.

Defendant moved to dismiss the complaint, and his motion was granted with leave to amend on February 17, 1978. On March 9, plaintiff filed an amended complaint which included further allegations. The amended complaint added essentially two allegations to the previous complaint. First, it alleged that the fraud, duress, and undue influence attributed to decedent continued from the time of execution of the agreement until decedent's death. Second, it alleged that decedent, and then defendant, made assurances to plaintiff that she "would be taken care of."

On May 31, 1978, two claims of the amended complaint and a substantial portion of the third claim were dismissed by order of the District Court. Plaintiff appeals from that order. She contends that the District Court erred in granting defendant's motion to dismiss with respect to each of the three claims. We will discuss each claim separately, in the order they were presented to the District Court.

Before addressing the claims directly, however, we must first mention some of the rules regarding the role of the District Court in reviewing a motion to dismiss for failure to state a claim upon which relief can be granted.

Rule 12(b)(6), M.R.Civ.P., provides in pertinent part:

". . . the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . ."

The generally accepted rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L Ed 2d 80, 84; Wheeler v. Moe (1973), 163 Mont. 154, 161, 515 P.2d 679, 683; Kielmann v. Mogan (1970), 156 Mont. 230, 233, 478 P.2d 275, 276. For purposes of the motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiff and its allegations are taken as true. Jenkins v. McKeithen (1969), 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L Ed 2d 404, 416-17.

In addressing plaintiff's first claim in its order dismissing the initial complaint, the District Court stated the following as its reasons:

"In Montana the period of limitations appli-
cable to claims grounded in fraud is two (2)
years under Section 93-2607(4) and the same
period, by analogy, is applicable to the equi-
table defense of laches. From the face of
Plaintiff's complaint it is clear that (at
the latest) the time of the events triggering
the running of this period of limitations is
February 19, 1971 with respect to the attack
on the Property Settlement Agreement and March
25, 1971 for the attack on the Decree. The
period within which Plaintiff's action must be
filed therefore expired February 19, 1973 or
at the latest March 25, 1973.

". . . Plaintiff's complaint contains no alle-
gation of justification or reasons for Plain-
tiff's failure to take action with respect to
the alleged fraud and duress within the two
(2) year period of limitations . . . It is
this Court's conclusion that all of her claims
are barred by the State [sic] of Limitations
as well as by Plaintiff's laches, grounds for
which conclusion appear satisfactorily from the
face of Plaintiff's complaint.

". . .

"In addition, this Court's earlier order in the
divorce proceeding denying Plaintiff's motion
therein is res judicata as to her rights on all
claims in this action . . ."

In the amended complaint, filed subsequent to this order,

plaintiff included allegations to meet the court's concerns:

"The duress, menace, fraud, force, and undue
influence on the part of Omar C. Fraunhofer,
as alleged in Paragraph V, d., of this Claim,
continued from the time of the divorce and
settlement agreement to the time of the death
of Omar C. Fraunhofer. In addition, Omar C.
Fraunhofer represented to plaintiff during the
period from the time of the divorce to the time
of his death that he would see to it that she
was always taken care of. Further, after
Omar C. Fraunhofer's death, Donald L. Price
represented to plaintiff, through a third party,
that she would be taken care of financially.
For these reasons, plaintiff did not institute
legal proceedings or otherwise assert her rights
before October of 1977, and did not bring this
action, pursuant to Section 91A-3-804, RCM,
1947, as amended, until the date of the original
complaint herein. Defendant is therefore astopped
[sic] from asserting any defense bearing on the
timeliness of plaintiff's complaint."

-6-

In response to these further allegations, the District Court, in its order dismissing plaintiff's amended claim, stated:

> "The Court concludes that these allegations do not fulfill the requirements of Rule 9b and 9f of the Montana Rules of Civil Procedure with respect to a pleading of fraud with particularity and allegations of matters of time and place in a cause where the existence of defenses of the statute of limitations and laches are so apparent on the face of the Complaint. The amendments to Plaintiff's Complaint therefore have not cured the defects in the original Complaint and the Court accordingly adopts the conclusions set forth in its earlier order."

Rule 9(b), M.R.Civ.P., provides:

> "(b) FRAUD, MISTAKE, CONDITION OF THE MIND. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Rule 9(f), M.R.Civ.P., provides:

> "(f) TIME AND PLACE. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Taking the latter rule first, we note that "Rule 9(f) does not *require* specificity in pleading time and place, but provides only that when specific allegations are made, they are material; whether or not specificity is required is to be determined under the general rules as to pleading." Moore's Federal Practice, Vol. 2A, ¶9.07, p. 1961. Rule 9(b), M.R.Civ.P., then, applies to this situation.

With respect to the requirements of Rule 9(b), M.R.Civ.P., we note the following:

> "Of primary importance in understanding the particularity requirement of Rule 9(b) is the recognition that it does not render the general principles set forth in Rule 8 entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with each other. It should be kept in mind that Rule 8(a) requests 'a short and plain statement of the claim' for relief . . . Thus, it

-7-

> is inappropriate to focus exclusively on the fact
> that Rule 9(b) requires particularity in pleading
> fraud. This is too narrow an approach and fails to
> take account of the general simplicity and flexi-
> bility contemplated by the rules.
>
> ". . .
>
> "The sufficiency of a particular pleading under
> Rule 9(b) depends upon a number of variables. For
> example, the degree of detail required often turns
> on the context in which the fraud is alleged to
> have occurred . . . Perhaps the most basic consid-
> eration in making a judgment as to the sufficiency
> of a pleading is the determination of how much de-
> tail is necessary to give adequate notice to an
> adverse party and enable him to prepare a respon-
> sive pleading." Wright & Miller, Federal Practice
> and Procedure: Civil §1298, p. 406-07, 410, 415.

We find that plaintiff's first claim for relief in the

instant case which alleges fraud upon the court is suffi-

ciently detailed in the amended complaint to satisfy the

particularity requirements of Rule 9(b), M.R.Civ.P.

We further find that the additional allegations in the

amended complaint are adequate, when considered, as they

must be, in the light most favorable to plaintiff, to defeat

the statute of limitations and laches defenses mentioned in

the District Court's first order.

At one point in its original order, the District Court

stated the following:

> ". . . it is this Court's conclusion that Plain-
> tiff's unexcused failure to act within the period
> of limitations, or prior to the full performance
> of the settlement agreement, and particularly prior
> to the decedent's death, severly [sic] prejudices
> the Defendant's ability to defend Plaintiff's pur-
> ported claims."

As noted previously, the additional allegations of

plaintiff's amended complaint effectively meet the defenses

of statute of limitations and laches. Furthermore, the

District Court, by adopting this rationale by reference in

its second order, has made an improper finding of fact when

it referred to plaintiff's "unexcused failure to act." This

-8-

clearly contradicts the allegations of the complaint. Finally, as to the effect of decedent's death, we have stated, when faced with similar circumstances:

> "Death of one of the parties to a divorce action, after decree therein, does not deprive the trial court of its power to purge its records of a void or voidable decree procured by fraud practiced upon it." Gillen v. Gillen (1945), 117 Mont. 496, 504, 159 P.2d 511, 514.

The only other reason the District Court gave for dismissing the first claim of plaintiff's amended complaint was "that Plaintiff's efforts to set aside the Decree of divorce with respect to her status so as to be restored to the rights of a surviving spouse . . . are barred by Section 91(A)-2-802(2)(a) of the Revised Codes of Montana (1947) . . ." Section 91A-2-802(2)(a), now section 72-2-103(2)(a) MCA, provides:

> "(2) . . . a surviving spouse does not include:
>
> "(a) a person who obtains or consents to a final decree of judgment of divorce from the decedent or an annulment of their marriage, which decree or judgment is not recognized as valid in this state, unless they subsequently participate in a marriage ceremony purporting to marry each to the other, or subsequently live together as man and wife . . ."

Along these lines we find that the phrase "which decree or judgment is not recognized as valid in this state," refers to procedural defects which might be found in an otherwise valid decree. The phrase does not contemplate decrees obtained through fraud upon the court. As a result, section 91A-2-802 does not apply to a situation involving lack of voluntariness, a situation like that presented in the instant case.

Consequently, we find that the District Court erred in dismissing plaintiff's first claim.

In dismissing plaintiff's second claim, the court stated:

-9-

> ". . . the second claim in Plaintiff's Complaint
> seeking rescission of the property settlement
> agreement also fails to state a claim upon which
> relief can be granted because Plaintiff has ac-
> cepted the full benefits of that agreement and
> decree confirming it but has failed to tender
> return of those benefits or allege any such offer
> to restore those benefits to the decedent or to
> his estate. . ."

The requirement of return of benefits referred to originates

in section 13-905, R.C.M. 1947, now section 28-2-1713 MCA.

However, we find that plaintiff's second claim more closely

resembles a claim under section 48-330(1)(b)(ii), R.C.M.

1947, now section 40-4-208(1)(b)(ii) MCA, which provides in

pertinent part:

> "(b) . . . The provisions as to property disposi-
> tion may not be revoked or modified by a court,
> except:
>
> ". . .
>
> "(ii) if the court finds the existence of condi-
> tions that justify the reopening of a judgment
> under the laws of this state."

When so stated, plaintiff's second claim states a claim upon

which relief can be granted pursuant to Rule 60(b), M.R.Civ.P.,

which provides in pertinent part:

> "On motion and upon such terms as are just, the
> court may relieve a party or his legal representa-
> tive from a final judgment, order, or proceeding
> for the following reasons:  . . . (3) fraud (whe-
> ther heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an ad-
> verse party. . . This rule does not limit the
> power of a court . . . to set aside a judgment for
> fraud upon the court."

Therefore, we find that the District Court erred in dismis-

sing plaintiff's second claim for relief.

Turning to plaintiff's third claim, the District Court

failed to state its reasons for dismissing the third claim

in its order granting defendant's motion to dismiss.  In its

prior order, the District Court stated the following with

respect to the third claim:

". . . There is no allegation that a creditor's claim for modification of 'alimony' was presented to the personal representative of the decedent's estate and refused as required by Section 91(A)-3-803 of the Revised Codes of Montana (1947) for claims other than those founded in tort. Failure to allege presentation of that claim alone is a sufficient bar to this claim. Further, it is apparent from the face of the Property Settlement Agreement itself under the decisions in Montana that this is a fully integrated property agreement with the result that whether or not the payment to Thelma L. Fraunhofer is denominated 'alimony', the payment is not subject to modification. Such a conclusion is also supportable under the Montana Uniform Marriage and Divorce Act by virtue of the admonition contained in the agreement itself against modification by the parties and the fact that no portion of the payment remained unpaid at the time the request for modification was made."

Section 91A-3-803(2), R.C.M. 1947, now section 72-3-803(2) MCA, provides in pertinent part:

"(2) All claims against a decedent's estate . . . which arise at or after the death of the decedent, . . . founded on contract or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

"(a) a claim based on a contract with the personal representative, within four (4) months after performance by the personal representative is due;

"(b) any other claim, within four (4) months after it arises."

This provision, however, does not apply when plaintiff's allegations are taken as true, specifically the following:

". . . after Omar C. Fraunhofer's death, Donald L. Price represented to plaintiff, through a third party, that she would be taken care of financially. For these reasons, plaintiff did not institute legal proceedings or otherwise assert her rights before October of 1977, and did not bring this action, pursuant to Section 91A-3-804, RCM, 1947, as amended, until the date of the original complaint herein. Defendant is therefore astopped [sic] from asserting any defense bearing on the timeliness of plaintiff's complaint."

Taking this allegation as true, as we must when considering a motion to dismiss, we find that section 91A-3-803(2) does not render plaintiff's claim deficient at the pleading stage.

The next question we must address is whether this is a fully integrated property settlement or alimony. The fact that the agreement employed the term alimony and was drafted by decedent's attorney indicates that the District Court in the instant case has made an impermissible finding of fact at the pleading stage. The parties' settlement agreement must be construed and enforced according to the terms employed. A court has no right to interpret the agreement as meaning something different from what the parties intended as expressed by the language they saw fit to employ. Jones v. Flasted (1976), 169 Mont. 60, 64, 544 P.2d 1231, 1233.

The next question we face, then, is, providing plaintiff is able to prove at trial that this payment was alimony, can the payment be modified when it is currently, in effect, zero dollars.

Section 48-330(1)(a), R.C.M. 1947, now section 40-4-208(1)(a) MCA, provides in pertinent part:

"(1) . . . the provisions of any decree respecting maintenance or support may be modified by a court only as to installments accruing subsequent to the motion for modification . . .

"(a) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . ."

We find nothing in this statute which requires that there be payments currently accruing. The language of the statute precludes modification of payments whose due date has passed but that is all. The fact, therefore, that plaintiff is not currently receiving payments under the original decree does not of necessity preclude her from ever receiving an additional award of maintenance. This is especially true in light of the various allegations of fraud contained in the complaint.

Finally, the District Court stated in summary that its
". . . earlier order in the divorce proceeding denying
Plaintiff's motion therein is res judicata as to her rights
on all claims in this action . . ." The issues presented in
the instant case by plaintiff's amended complaint were not
raised in that action. That order dismissing the claim
filed in the divorce proceeding then, could not have been
the result of an adjudication of the merits of the issues in
the instant case and could not be res judicata as to them.

The order of the District Court granting defendant's
motion to dismiss is reversed, and plaintiff's complaint is
reinstated for further proceedings not inconsistent with
this opinion.

_____
Honorable James B. Wheelis, Dis-
trict Judge, sitting for Mr.
Justice John C. Harrison

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea did not participate.