No. 84-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF

RICHARD RUSH,

> Petitioner and Respondent,

and

BARBARA RUSH,

> Respondent and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Larrivee Law Offices, Missoula, Montana

For Respondent:

Richard J. Pinsoneault, St. Ignatius, Montana
Brian J. Smith, Polson, Montana

Submitted on Briefs: March 7, 1985

Decided: April 30, 1985

Filed: APR 30 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Barbara Rush, defendant in the original dissolution proceeding (hereinafter Barbara) petitioned the District Court of the Fourth Judicial District, Lake County, to modify the parties' original divorce decree entered in 1975. The petition prayed for an increase in child support payments, additional maintenance payments, a lump sum payment of $15,000, plus costs and attorney's fees. After a hearing, the District Court issued an order increasing child support payments and denying all other requested relief. From this order Barbara appeals. We affirm.

Richard and Barbara Rush were married in 1960, had three children and were divorced in 1975. Richard Rush is a medical doctor with a general practice in the State of Texas. Barbara Rush worked as a secretary for a chiropractor in Ronan, Montana for seven years after the divorce and then quit in 1982 to attend the University of Montana. She is currently a student at the University.

The original divorce decree which incorporated a settlement agreement provided that Dr. Rush pay $200 per child per month until each child attained the age of majority and $400 per month in alimony until the alimony payments reached a total of $24,000. A provision for renegotiation of the terms of the settlement was included therein.

Two of the children have been emancipated and are no longer in need of support. The youngest child, Richard Jr., is 17 years of age and still dependent upon his parents for support. The District Court found that a substantial change in circumstances with respect to Richard Jr. warranted

increasing child support payments for him from $200 to $400 per month. This finding is not contested on appeal.

Barbara Rush contends that Dr. Rush promised to give her $15,000 to buy a house. There is nothing in the divorce decree concerning this promise. After reviewing the record, we find that the District Court was correct in finding no enforceable agreement existed.

Dr. Rush has made all the payments due under the divorce decree. In addition, he incurred educational expenses for his daughters, medical expenses for all the children, and he provided other benefits not required by the decree. Dr. Rush continued to pay maintenance to his ex-wife after his obligation of $24,000 under the original decree was satisfied. He has paid an additional $18,000 in maintenance.

Barbara contends that the District Court abused its discretion by not considering the statutory criteria set forth in § 40-4-203, MCA, when considering her request for maintenance. Section 40-4-203, MCA, lists the various criteria referred to by appellant in her brief.

Since this is not an initial dissolution proceeding where the issue of maintenance is being considered for the first time nor is it the first opportunity that one spouse has to litigate the question of maintenance, § 40-4-203, MCA, is clearly inapplicable. In this case the District Court entertained a petition for modification of maintenance payments under the 1975 decree.

The renegotiation provision contained in the original decree provides that the terms of the decree can only be modified upon approval of the court. Any modification, therefore, must be made pursuant to § 40-4-208, MCA.

The District Court found that Dr. Rush had met and exceeded all obligations required of him under the divorce decree entered in May 1975. No payments under the 1975 decree were due or accruing at the time the modification petition was filed. In Frauhofer v. Price (1979), 182 Mont. 7, 594 P.2d 324, we stated that because plaintiff is not currently receiving payments under the original decree an additional award of maintenance is not necessarily precluded. Frauhofer involved allegations of fraud. No fraud is alleged in the instant case. We think the fact that maintenance payments are no longer due under the original decree does not as a matter of law preclude an additional maintenance award. However, this fact should be considered when the District Court rules whether or not modification is justified. In many cases the amount and duration of maintenance payments are bargained for and the fact that the obligation recited in the decree is satisfied must be considered when applying § 40-4-208, MCA.

Section 40-4-208(2)(b), MCA, provides:

"(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

"(i) upon a showing of changed circumstances so substantial and continuous as to make the terms unconscionable; or

"(ii) upon written consent of the parties."

Appellant contends that the District Court found a change of circumstances so substantial as to make the terms unconscionable because at the close of the hearing the District Court denied respondent's oral motion to dismiss the appellant's petition. Such a contention is untenable. Failure to dismiss appellant's modification petition during

- 4 -

the trial has no effect on the court's final order; it is simply an interlocutory ruling.

It is true that the District Court did not specifically state in its findings that there was no substantial change in circumstances. Such a conclusion, however, is implicit from the factual findings. The District Court found that respondent had met and exceeded all obligations under the original decree with respect to maintenance. Respondent gratuitously paid the petitioner at least $18,000 more than the fixed amount he was required to pay under the 1975 decree. The findings of fact of the District Court clearly show that although the respondent has the ability to pay additional maintenance, the criteria set forth in § 40-4-208(2)(b)(i), MCA, have not been satisfied by Barbara.

The appellant also requested attorney's fees in her petition. No evidence was submitted at the hearing concerning attorney's fees and this fact was noted by the District Court in its findings. This is sufficient reason to deny appellant attorney's fees and it conforms with the requirement set forth in Bowman v. Bowman (Mont. 1981), 633 P.2d 1198, 38 St.Rep. 1515, and subsequent cases that hold the court must state its reasons for denying attorney's fees.

Affirmed.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

- 5 -

_____

_____
　　　　Justices