No. 84-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF

JEAN PURDY COOPER,

                Petitioner and Respondent,

        and

LAWRENCE PETER COOPER, JR.,

                Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Roy Rodeghiero, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        James J. Sinclair, Billings, Montana


        For Respondent:

        Janice K. Whetstone; Kirwan & Barrett, Bozeman, Montana

                                    _____

                        Submitted on Briefs:  March 28, 1985

                                    Decided:  May 2, 1985

Filed:   MAY   1985


_Ethel M. Harrison_
_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The parties, Lawrence and Jean Cooper, obtained a dissolution of marriage in the District Court, Thirteenth Judicial District, Gallatin County, on August 19, 1975 after 29 years of marriage. Three children were born and raised by the parties. They were all emancipated at the time of the dissolution. The parties entered into a property settlement agreement which was incorporated into and made a part of the 1975 decree of dissolution. Included in this agreement was a provision relating to maintenance which provided that Lawrence Cooper pay $4,200 in seven equal installments of $600 to his former wife. The decree further provided that at the termination of said installments, if the parties hereto are unable to agree upon the amount of alimony to be paid to the wife, if any, the wife reserves the right to present this matter to the court having jurisdiction for a determination of the amount of money to which she would be entitled for alimony.

Lawrence Cooper paid the $4,200 pursuant to the above provision. In August 1976, Mrs. Cooper filed a petition requesting a determination of alimony pursuant to the provision in the original decree. After a hearing on November 22, 1976, the District Court issued an order denying Mrs. Cooper any maintenance. The order was not appealed.

On November 17, 1982, nearly six years later, Mrs. Cooper (hereinafter respondent), filed a petition requesting modification of the original divorce decree and requesting that Mr. Cooper (hereinafter appellant), pay respondent the sum of $1,500 per month for her maintenance. Appellant moved

to dismiss respondent's petition on the grounds that it was barred by res judicata. The District Court denied appellant's motion and set a hearing for May 24, 1983 to consider evidence of changed circumstances. Appellant and respondent were both present and testified at the hearing. On October 25, 1984, the District Court entered findings of fact, conclusions of law, and an order requiring appellant to pay the sum of $750 per month to respondent for her support. It is from this order that appellant appeals.

Appellant contends that the respondent's petition is barred by the doctrine of res judicata. Basically, res judicata applies when a court of competent jurisdiction renders a final judgment on the merits. The judgment is conclusive and binding on the parties and their privies in all later suits on all matters determined in the former suit. The general principle of res judicata has been altered by statute in Montana for cases involving the dissolution of marriage. Section 40-4-208, MCA, governs the modification of maintenance and property disposition provisions contained in the dissolution decree. We must interpret this statute to determine whether under the facts of this case the decree may be modified to award respondent maintenance. Section 40-4-208, MCA, provides in pertinent part:

> "40-4-208. Modification and termination of provisions for maintenance, support, and property disposition. (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification.
>
> "(2)(a) Whenever the decree proposed for modification does not contain provisions relating to maintenance or support, modification under subsection (1) may only be made within 2 years of the date of the decree.

3

"(b)  Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

"(i)  upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or

"(ii)  upon written consent of the parties."

A petition for modification with respect to maintenance must be considered by the District Court if it is filed within two years of the date the decree is rendered, regardless of whether the decree contains provisions for maintenance or whether maintenance payments are currently being paid.  If two years has expired since the dissolution decree was rendered, modification is still possible when the decree contains a provision relating to maintenance.  When maintenance payments are currently mandated under the decree, a modification petition must be considered by the District Court.  We recently stated in Rush v. Rush (Mont. 1985) (Supreme Court No. 84-527, Decided April 30, 1985), that although no maintenance payments were being paid and none were required to be paid under the decree at the time modification is sought, the petition for modification is not barred as a matter of law.  This is true because the decree in force at the time modification is sought still contains a provision for maintenance although the payments due under the provision have been satisfied.  We are constrained by the language of § 40-4-208 to so hold.  However, the fact that maintenance payments are no longer due under the decree and the length of time that has passed since the maintenance obligation has been fully satisfied must be weighed by the district courts when ruling whether or not maintenance payments should be reinstated.  In many cases the amount and

- 4 -

duration of maintenance payments recited in the decree are bargained for and this fact must be considered. _Rush_, supra.

Respondent contends that the same rule should apply in the instant case. She argues that since the original decree contained a maintenance provision, the District Court was correct in entertaining her petition for modification. We disagree. In this case the decree in force in 1982 when respondent petitioned for modification did not contain a maintenance provision. The decree in force in 1982 was the decree as modified by the 1976 order of the District Court. In the 1976 order, the court ruled the respondent was not entitled to _any_ maintenance. The effect of this order was to delete the maintenance provision from the decree. Hence, the decree proposed for modification by respondent did not contain a provision for maintenance and could only be modified before November 22, 1978.

Since we hold that respondent's petition for modification is barred by § 40-4-208(2)(a), MCA, we do not reach the remaining issues presented by appellant. The judgment of the District Court is reversed and the order granting respondent maintenance is vacated.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -