No. 87-351

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
ROSEMARY HAGEMO,

Petitioner and Respondent,

AND

GARY THEODORE HAGEMO,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gough, Shanahan, Johnson & Waterman; Alan L. Joscelyn,
Helena, Montana
Wendell B. Dunn, Whitefish, Montana

For Respondent:

Knight, Dahood, McLean & Everett; David M. McLean,
Anaconda, Montana

---

Submitted on Briefs: Dec. 31, 1987

Decided: February 9, 1988

Filed: FEB 9 - 1988

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The District Court of the Third Judicial District, Deer Lodge County, Montana, entered judgment on April 2, 1987 further modifying a property settlement agreement, which the parties already had modified on June 24, 1983. Gary Hagemo (hereinafter husband) argues that the court's modification, which granted Rosemary Hagemo (hereinafter wife) maintenance of $250 per month and increased husband's child support obligation from $300 to $500 per month for each of two children, is improper since the couple had modified their agreement to do away with his maintenance obligation. He cites § 40-4-208, MCA, as requiring that wife petition for modification within two years. He further argues that the court abused its discretion by failing to provide appropriate findings of fact to bolster its conclusions of law and by accepting the wife's proposed findings and conclusions in toto and verbatim.

We affirm the District Court.

The couple's marriage was dissolved in February, 1983. By terms of the initial settlement agreement incorporated by the dissolution decree wife received custody of the parties' two children and $250 per month per child in support. She also was to receive one-half the proceeds from the sale of the family home plus an amount sufficient to resume her teacher's retirement. From the month after the family home sold until wife took a teaching job in the Anaconda school system, which the parties assumed would be by September, 1984, she was to receive $500 per month in maintenance.

Husband is a locomotive engineer for Burlington Northern. His gross earnings from tax year 1986 were $53,126.80. Wife had taught in the Anaconda schools for four

2

years before this marriage. Her testimony was that had she been hired as a teacher she would have earned $22,000 for the 1986-87 term. Because she has not been able to find a teaching job she works as a receptionist and earned $10,539.14 in 1986.

In June, 1983, the family home was sold leaving the parties with net proceeds of $19,122.01. The parties modified the settlement agreement so that wife was to receive $20,000 in payment in lieu of periodic maintenance. Thus, she received the total proceeds from the home sale, and husband's monthly child-support obligation was raised from $500 to $600 eight months earlier than in the original schedule. The remaining $77.99 was to be paid as the parties determined. Again it appears that the parties envisioned wife would be teaching when the 1984 school year began.

On January 26, 1987, more than three years after the parties had modified the agreement, wife petitioned the District Court to enter another modification. She said that changes in circumstances had occurred, namely that she had been unable to find a teaching job despite "diligent efforts" forcing her to take jobs paying substantially less. Her monthly expenses exceeded her monthly income and she sought maintenance. Meanwhile, she claimed, husband had bought lake property, motorcycles, all terrain vehicles, automobiles, and a share in an airplane and had taken vacations. This, she said, meant that the level of child support was inadequate.

Husband's first argument is that the wife's petition for modification was not timely under § 40-4-208, MCA:

> (2) (a) Whenever the decree proposed for modification does not contain provisions relating to maintenance or support, modification . . . may only be made within 2 years of the date of the decree.

3

> (b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:
>
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; . . .

This argument is not persuasive since both the original agreement and the parties' modified agreement spoke to maintenance and both explicitly provided for certain levels of child support. Thus, they are not subject to the two-year limitations of § 40-4-208(2)(a), MCA, but rather are subject to modification at any time upon a showing of substantial and continuing change of circumstance. Section 40-4-208(2)(b), MCA.

Husband's argument is that as of January, 1987, he was not making monthly maintenance payments, thus they were forgiven, and cannot be resumed at this late date. However, the mere fact that a party is not currently paying maintenance does not necessarily preclude modification. See, Fraunhofer v. Price (1979), 182 Mont. 7, 19, 594 P.2d 324, 331; In re the Marriage of Rush (Mont. 1985), 699 P.2d 65, 66-7, 42 St.Rep. 581, 583. The fact that one party has satisfied his maintenance obligations to the other party must be considered by the District Court when it determines whether modification is justified since the amount and duration of maintenance payments are frequently bargained. Marriage of Rush, 699 P.2d at 67.

Husband relies on In re the Marriage of Cooper (Mont. 1985), 699 P.2d 1044, 42 St.Rep. 619, for his contention that wife was barred from seeking modification after the two years. That case does not control because there the District Court was asked by the wife to make a determination of the

4

proper rate of maintenance. It held that wife was entitled to none, thus deleting the maintenance provision entirely. Marriage of Cooper, 699 P.2d at 1046. Here, the initial modification was by agreement of the parties.

Whether the change in circumstances was so substantial and continuing as to be unconscionable is primarily a question for the District Court. This Court has not defined the term unconscionable as it is used in §40-4-208(2)(b)(i), MCA; its interpretation relies on case by case scrutiny of the underlying facts. In re the Marriage of McNeff (Mont. 1983), 673 P.2d 473, 475, 40 St.Rep. 2050, 2052. The facts in this case are consistent with those factors set forth in §§ 40-4-203 and 40-4-204, MCA. Award of maintenance is proper if: (1) the party seeking maintenance lacks sufficient property to provide for his or her needs, and (2) the party is unable to support himself or herself through appropriate employment. In re the Marriage of Watson (Mont. 1987), 739 P.2d 951, 955, 44 St.Rep. 1167, 1171-72. The court found that the agreements made by the parties were based on the assumption that wife would have found a teaching job by September, 1984 but that she had been unsuccessful in job searches for four years straight. This, coupled with husband's higher earnings represents the required changes of circumstances.

The District Court adopted the wife's proposed findings totally and completely to the exclusion of the husband's proposed findings. The record shows two sets of proposed findings with the notation on the wife's that it had been "adopted by the court" and signed by the judge. Husband claims there is insufficient evidence to justify adopting wife's findings and that this is an abuse of discretion. It is preferred that the District Court consider the proposed findings of both parties and then prepare its own findings.

5

By doing so, the court demonstrates its conscientious concern and exercises its independent judgment, which provides this Court with a better basis for review. See, Tomaskie v. Tomaskie (Mont. 1981), 625 P.2d 536, 538-39, 38 St.Rep. 416, 419; Marriage of Watson, 739 P.2d at 954. Among the findings of fact the court adopted from the wife were:

> 25. The Court notes that the husband is driving a 1986 Audi automobile, that he owns a 1973 boat, a 25% interest in an airplane, he possesses a T.V. satellite that requires a $1,000.00 annual payment; that he rents a hangar for his airplane, and is spending over $2,000.00 this year for overhaul on the airplane.

> 26. The evidence presented at the trial demonstrates that the wife and two children of the marriage are attempting to meet the necessary obligations of life on approximately $1,210.00 per month. On the other hand, the husband has approximately $2,750.00 for meeting living expenses which include luxury items such as airplanes, boats, T.V. satellites and paying rent on a home that he is not living in.

> 27. The wife testified at the trial that in order to meet the necessary living expenses for herself and the children she will require a payment of $250.00 per month alimony and will require that the child support for each child be raised from $300.00 per month to $500.00 per month . . .

Among the conclusions of law adopted were:

> 3. There was a showing of change of circumstances that was substantial and continuing so as to make the terms of the original decree of divorce and property settlement agreements unconscionable.

> 4. The standard of living of the children has been substantially reduced

6

below that which would have existed had this marriage continued but that the standard of living of the husband has not diminished to a like degree.

We have developed a test for determining the validty of findings adopted from one party:

> [W]here, as here, findings and conclusions are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and are supported by the evidence, they will not be overturned simply because the court relied upon proposed findings and conclusions submitted by counsel.

Kowis v. Kowis (1983), 202 Mont. 371, 379, 658 P.2d 1084, 1088. Error occurs when the court relies on one party's proposed findings instead of its own consideration of the facts and exercise of its independent judgment. In re the Marriage of Alt (Mont. 1985), 708 P.2d 258, 262, 42 St.Rep. 1621, 1626. The District Court heard the testimony of both parties and examined the exhibits placed into evidence. Because there is sufficient evidence within the record to support the wife's findings and conclusions, the court did not abuse its discretion in adopting them. In re the Marriage of Hamill (Mont. 1987), 732 P.2d 403, 408, 44 St.Rep. 220, 225. Therefore, we will not reverse.

We note lastly that the husband appeals the court's determination that he was technically in contempt of court for defying a District Court order that purportedly requires him not to share the premises with female companions overnight when he has custody of the children. We cannot review this question, however, since the record fails to include the text of this order. Rule 9(b), M.R.App.P. We would note, however, that providing there is such an order, husband has not been prejudiced since the court, in its

7

discretion, did not punish him for this contempt, but merely issued a warning.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices