No.  90-318

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

ALLEN WAYNE JOHNSON,

      Petitioner and Respondent,

  and

JUDITH ANN JOHNSON,

      Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Helen Hayes Orendain, Attorney at Law,
Missoula, Montana

      For Respondent:

          Richard A. Reep, Graham, Reep & Spoon,
Missoula, Montana

FILED

Filed:  MAR 19 1992

CLERK OF ... COURT
STATE OF MONTANA

Submitted on Briefs:  August 1, 1991

Decided:  March 19, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Judith Ann Johnson and Allen Wayne Johnson were granted a dissolution of marriage on April 1, 1981. Judith filed a petition for modification of maintenance with the District Court on June 23, 1989. Allen filed a motion to dismiss the petition. The District Court granted the motion to dismiss on April 9, 1990. Judith appeals the dismissal of the petition for modification of maintenance. We affirm.

The issues before this Court are as follows:

1. Did the District Court err in dismissing appellant's petition for modification of maintenance?

2. Did the doctrine of res judicata bar the District Court from considering the issues of statute of limitations and the mutual release language in the separation agreement?

3. Did the District Court abuse its discretion when it initially determined in 1981 that the marital separation agreement was not unconscionable?

4. Is respondent entitled to attorney fees?

In light of our holding on the first issue we need not discuss the second, third and fourth issues.

Appellant and respondent were married on January 27, 1964. The parties have two children. On April 1, 1981, the parties were granted a dissolution of marriage. A custody, support, and property settlement agreement (agreement) signed by appellant was incorporated into the final decree of dissolution. Appellant was

2

not represented by counsel during this time period and did not appear at the hearing on the dissolution of the marriage during which the District Court determined that the property settlement agreement was not unconscionable. The agreement provided that appellant would receive maintenance in the amount of $125 per month for 24 months, or until her death or remarriage, whichever occurred first. The agreement further provided that "[s]aid maintenance is temporary, and in no event shall it continue for more than twenty-four (24) months." Respondent complied with the agreement concerning payments of maintenance and March 1983 the maintenance obligation had been paid in full.

Since March 1983, the appellant has struggled financially due to a number of significant setbacks. Appellant, believing that her changed circumstances were of such a substantial and continuing nature so as to render the prior agreement unconscionable, filed with the District Court a petition for modification of the maintenance provision of the agreement on June 23, 1989. Respondent filed a motion to dismiss the petition for modification. The District Court denied respondent's motion to dismiss on November 6, 1989.

Respondent then filed a second motion to dismiss based upon an alleged lack of subject matter jurisdiction. Appellant then filed a motion to set aside the 1981 decree of dissolution on the basis of extrinsic fraud. Prior to ruling on either of these motions, the District Court Judge withdrew from the case and was replaced by

another Judge. The court then granted respondent's motion to dismiss for lack of subject matter jurisdiction.

Appellant brought an appeal alleging that the District Court erred in granting respondent's motion to dismiss. Following briefing, this Court determined that a final judgment had not been entered in the underlying action, in that the appellant's motion before the District Court to set aside the decree of dissolution on the grounds of extrinsic fraud had not yet been ruled upon. On November 15, 1990, this Court stayed the appeal and remanded the cause to the District Court for either a final decision on the appellant's motion or certification pursuant to Rule 54(b), M.R.Civ.P., that a final decision regarding maintenance had been made. On remand, the District Court, on April 4, 1991, denied appellant's motion to set aside the decree of dissolution on the grounds of extrinsic fraud. On May 23, 1991, this Court lifted the stay of this appeal. Appellant does not appeal the District Court's dismissal of the motion to set aside the decree of dissolution on the grounds of extrinsic fraud.

The issue to be discussed is whether the District Court erred in dismissing appellant's petition for modification of the maintenance agreement incorporated into the 1981 final decree of dissolution.

Appellant brought the petition for modification of maintenance pursuant to § 40-4-208, MCA, which provides in part:

4

(1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification.

(2) . . . .

(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . . .

Modification of maintenance may be obtained upon a showing of changed circumstances, except as provided for in § 40-4-201(6), MCA, which states that:

Except for terms concerning the support, custody, or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the decree are automatically modified by modification of the decree.

The statutes on modification of maintenance are clear that the parties are free to preclude or limit any future modification of maintenance. If it is determined that the separation agreement incorporated into the final decree precludes modification, the analysis ends. The issue of whether there has been a change in circumstances so substantial and continuing so as to make the agreement unconscionable only arises after a determination that modification is permitted under the agreement. Marriage of Robertson (1989), 237 Mont. 406, 773 P.2d 1213.

5

The custody, support, and property agreement incorporated into the 1981 final decree provided that wife would receive maintenance for 24 months and that "[s]aid maintenance is temporary, and in no event shall it continue for more than twenty-four (24) months." The agreement also contained mutual release language which stated that "each party hereto releases and forever discharges the other party . . . from any and all rights, claims, demands and obligations, except as herein specifically provided . . . ." Finally, concerning modification, the agreement provided that "[i]nsofar as is legally permissible, the provisions of this agreement may not be modified by any court." The District Court found that this language in the agreement expressly prohibited any attempt to modify the maintenance provision of the original decree. We agree. The clear language of the agreement indicates the parties intent that there be no modification of the maintenance provision. We have previously approved the statement that "where a separation agreement expressly precludes modification or limitation of maintenance, a District Court is barred from later modifying the terms of the agreement." Marriage of Bolstad (1983), 203 Mont. 131, 135, 660 P.2d 95, 97.

Additionally, the District Court based its decision on the language contained in § 40-4-208(1), MCA, which states that "a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification." The District Court erred

6

in finding that because the maintenance provision had been fulfilled and no payments could accrue, that the appellant could not seek modification of the maintenance. This Court has previously construed this portion of the statute stating that "[w]e find nothing in this statute which requires that there be payments currently accruing. The language of the statute precludes modification of payments whose due date has passed but that is all." Fraunhofer v. Price (1979), 182 Mont. 7, 19, 594 P.2d 324, 331. In a recent decision of this Court, we stated that "the mere fact that a party is not currently paying maintenance does not necessarily preclude modification." Marriage of Hagemo (1988), 230 Mont. 255, 259, 749 P.2d 1079, 1081. The District Court's misinterpretation of this portion of the statute is harmless in light of the court's correct finding that the agreement precludes any modification of the maintenance provision.

In granting respondent's motion to dismiss, the District Court also relied on this Court's decision in Marriage of McFate (1989), 239 Mont. 492, 781 P.2d 759. McFate involved a dispute over child support payments. In McFate, the separation agreement incorporated into the final decree provided that the obligation for child support would terminate once the children reached the age of majority. After the children reached the age of majority the wife filed a motion to modify husband's child support obligation. In affirming the District Court's denial of the motion, this Court stated that:

7

> Once the party who owes the duty of support fulfills that obligation according to the terms of the agreement or the decree, the district court loses jurisdiction over the matter and can no longer entertain motions for modification or continuation of support.

McFate, 781 P.2d at 760. In light of our holding that the agreement expressly prohibits modification, we need not address at this time whether the McFate decision, which clearly involves issues of support and not maintenance, would govern in the present situation. The order of the District Court dismissing appellant's petition for modification is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8