No.  94-096

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN THE MATTER OF THE DENIAL OF
THE APPLICATION FOR ISSUANCE OF
ONE ORIGINAL (NEW) ON-PREMISES
CONSUMPTION BEER/WINE LICENSE,
TOWN PUMP OF WOLF POINT, 401
CASCADE., WOLF POINT. ROOSEVELT
COUNTY, MONTANA,

APPLICANTS:  E-Z SUPPLY, INC.,

Appellant.

FILED

OCT 25 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Thomas E. Richardson, Attorney at Law,
Butte, Montana

For Respondent:

Lawrence G. Allen, Tax Counsel, Montana
Department of Revenue, Helena, Montana


Submitted on Briefs:  June 24, 1994

Decided:  October 25, 1994

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

E-Z Supply, Inc. (E-Z), an affiliate of Town Pump, Inc., appeals from an order of the First Judicial District Court, Lewis and Clark County,, denying its petition for judicial review. We reverse, concluding that the Montana Department of Revenue (DOR) incorrectly interpreted and applied § 16-4-413, MCA, in denying E-Z's application for an on-premises beer and wine license (liquor license).

On December 22, 1988, E-Z applied to the Liquor Division of the DOR (Liquor Division) for a liquor license for use at Town Pump's Wolf Point convenience store and filling station. Following a hearing at which protesters testified against the application because of the impact it would have on the community, the hearing examiner issued a proposed decision denying E-Z's application. E-Z withdrew the application.

On September 15, 1991, E-Z submitted another application for a liquor license for use at the Wolf Point location. In September, 1992, the Liquor Division notified E-Z that the application would be denied pursuant to § 16-4-413, MCA. E-Z requested, and was granted, a hearing. The hearing examiner issued findings of fact, conclusions of law, and a proposed order denying the 1991 application pursuant to § 16-4-413, MCA. The DOR subsequently adopted the findings, conclusions, and proposed order as its final decision.

E-Z petitioned the District Court for judicial review of the DOR's decision. The District Court denied the petition, concluding

2

that the DOR correctly interpreted and applied § 16-4-413, MCA. E-Z appeals.

The issues before us relate to the interpretation and application of § X6-4-413, MCA. The interpretation and application of a statute to a particular set of circumstances are matters of law. See Minervino v. University of Montana (1993), 258 Mont. 493, 497, 853 P.2d 1242, 1245. An administrative agency's conclusions of law are reviewed by district courts and this Court to determine whether those conclusions are correct. GBN, Inc. v. Montana Dep't of Revenue (1991), 249 Mont. 261, 264, 815 P.2d 595, 597; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The first issue raised by E-Z is that the DOR erred by retroactively applying § 16-4-413, MCA, to its application filed September 15, 1991, prior to the statute's effective date. Because our holding on the second issue clarifies that a correct interpretation of § 16-4-413, MCA, results in no detriment or prejudice to E-Z, we decline to address this issue, assuming for purposes of this opinion that § 16-4-413, MCA, is applicable to the liquor license application presently before us.

The second issue raised by E-Z is that the DOR's denial of the 1991 application was based on an incorrect interpretation of § 16-4-413, MCA. E-Z asserts that, under § 16-4-413(1), MCA, the DOR's determination tlnat E-Z's application did not present a "substantially different use" precluded further consideration and required the DOR to simply return the application to E-Z. We

3

agree.

Our function in interpreting statutes is to effectuate the intent of the legislature. Minervino, 853 P.2d at 1244. "Our primary tool for ascertaining the legislature's intent is the plain meaning of the words used." Sagan v. Prudential Insurance Company of America (1993), 259 Mont. 506, 509, 857 P.2d 719, 722 (citation omitted). "If the legislature's intent can be determined from the plain meaning of the words used in a statute, we will go no further." State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 204.

Section 16-4-413, MCA, sets forth procedures governing the DOR's processing of certain reapplications for liquor licenses. The procedures are applicable in the event of a previous denial of a liquor license application for the same premises pursuant to § 16-4-405, MCA. Section 16-4-413(1), MCA. Moreover, "[i]f an application is withdrawn after a hearing . . . in which testimony is received regarding any reason for denial provided in 16-4-405, the effect of the withdrawal is the same as if a final decision had been made denying the application . . . ." Section 16-4-413(2), MCA. In this case, E-Z withdrew its 1988 application following such a hearing and, pursuant to § 16-4-413(2), MCA, the effect of the withdrawal was the same as if the 1988 application had been denied. Thus, the DOR's processing of E-Z's 1991 application is governed by the provisions of § 16-4-413, MCA.

Once a previous application has been denied, § 16-4-413(1), MCA, provides that "the department may not consider an application

4

. . . for those premises for 5 years unless the department . . . determines that the proposed use is substantially different from the use that was rejected." Given the manner in which the statute is structured, it is clear that the "unless" clause in subsection (1) constitutes a condition precedent to the DOR's further processing of a reapplication filed within five years of the previous denial. Therefore, the DOR must first determine whether the application presents a substantially different use from that rejected in the previous application. In the present case, the DOR determined that E-Z's 1991 application did not present a substantially different use from that contained in the 1988 application. Thus, the condition precedent to the DOR's further processing of E-Z's 1991 application was not satisfied.

Under that circumstance, § 16-4-413(1), MCA, directs that the DOR "may not consider" E-Z's 1991 application. The plain meaning of the word "consider" is "[t]o fix the mind on, with a view to careful examination . . . . To deliberate about and ponder over." Black's Law Dictionary 306 (6th ed. 1990). By utilizing the word "consider," the legislature clearly intended to relieve the DOR of the necessity of carefully deliberating over an application filed within five years of a previous denial where the application does not present a substantially different use. Thus, the plain meaning of the phrase "may not consider" is that, once the DOR determines that a subsequent application submitted within the five-year period does not present a substantially different use, it may not further process or evaluate the application.

5

We conclude that the plain language of § 16-4-413, MCA, precluded any further action on E-Z's 1991 application after the DOR determined that it did not present a substantially different use. The only action available to the DOR at that point was to return the application without further consideration.

The DOR interpreted § 16-4-413, MCA, as authorizing it to deny E-Z's 1991 application. It argues that the legislative history of the statute supports its interpretation.

As set forth above, if we can determine the legislature's intent from the plain language of a statute, we will go no further. Nachtsheim, 833 P.2d at 204. We resort to legislative history only where legislative intent cannot be derived from the plain language of the statute. State ex rel. Roberts v. Public Service Commission (1990), 242 Mont. 242, 246, 790 P.2d 489, 492 (citation omitted). Having concluded that the plain language of § 16-4-413, MCA, does not permit the DOR to further consider or act on a subsequent application absent a "substantially different use" determination, we decline to review the legislative history.

The DOR's interpretation that § 16-4-413, MCA, authorized it to deny E-Z's 1991 application was incorrect as a matter of law. As a result, we hold that the District Court erred by denying E-Z's petition for judicial review.

Reversed and remanded to the District Court for entry of an order directing the DOR to return E-Z's application.

Justice

6

We concur:

_J. A. Turnage_
**Chief Justice**

_John Conway Harrison_

_William E. Hunt Sr._

_Justices_

October  25,  1994

<u>CERTIFICATE  OF  SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thomas E. Richardson, Esq.
Attorney at. Law
600 South Main
Butte, MT 59701

Lawrence G. **Allen, Tax** Counsel
Montana Department of Revenue
P.O. Box 202701
Helena, MT 59620-2701

ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  **OF**  MONTANA

BY:_____
Deputy