NO.   94-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

CHARLES HENRY EICKMEYER,

　　　　Petitioner and Respondent,

　and

ARLENE GRACE EICKMEYER,

　　　　Respondent and Appellant.

FILED

MAY 23 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:　District Court of the First Judicial District,
　　　　　　　　In and for the County of Broadwater,
　　　　　　　　The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　R. J. "Jim" Sewell, Jr., Smith Law Firm,
　　　　　　Helena, Montana

　　　　For Respondent:

　　　　　　Thomas S. Winsor, Attorney at Law,
　　　　　　Helena, Montana


Submitted on Briefs:　March 30, 1995

Decided:　May 23, 1995

Filed:

_____
Clerk

Justice Karla M. Gray deli&red the Opinion of the Court.

Arlene Eickmeyer (Arlene) appeals from an order of the First Judicial District Court, Broadwater County, granting Charles Eickmeyer's motion to dismiss her petition for increased maintenance. We affirm, holding that the District Court did not err in concluding that § 40-4-208(2)(a), MCA, bars Arlene's petition.

The facts necessary to our resolution of this case are undisputed. The marriage of Charles Eickmeyer (Charles) and Arlene was dissolved in 1987. The dissolution decree incorporated Charles and Arlene's marital settlement agreement which stated, in pertinent part, that "[n]either of us seeks an award of maintenance."

Arlene filed a Petition for Increased Maintenance in 1994. She alleged that a change of circumstances had occurred since the dissolution "which is so substantial as to be unconscionable." She requested monthly maintenance in the amount of $750 and attorney's fees incurred in bringing the petition. Charles moved to dismiss the petition, arguing that it was barred by § 40-4-208(2)(a),MCA. The District Court granted the motion to dismiss and Arlene appeals.

Did the District Court err in concluding that Arlene's petition was barred by § 40-4-208(2)(a), MCA?

Post-dissolution maintenance proceedings are governed by § 40-4-208, MCA, which provides in pertinent part:

2

> Whenever the decree proposed for modification does not contain provisions relating to maintenance or support, modification under subsection (1) may only be made within **2** years of the date of the decree.

Section 40-4-208(2)(a), MCA. The District Court concluded that the statement "[n]either of us seeks an award of maintenance," incorporated into the decree from Charles and Arlene's marital settlement agreement, did not constitute a "provision relating to maintenance" under § 40-4-208(2)(a), MCA. Thus, according to the court, Arlene's petition for maintenance was barred because it was not brought within two years of the decree.

The interpretation and application of a statute are matters of law. Matter of E-Z Supply (Mont. 1994), 883 P.2d 833, 835, 51 St.Rep. 1029. We review a district court's conclusions of law to determine if they are correct. In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93.

The function of courts in interpreting statutes is to effectuate the intent of the legislature. E-Z Supply, **883** P.2d at 835 (citations omitted). "Our primary tool for ascertaining the legislature's intent is the plain meaning of the words used." E-Z Supply, 883 P.2d at 835; quoting Sagan v. Prudential Insurance Company of America (1993), 259 Mont. 506, 509, 857 P.2d 719, 722. "If the legislature's intent can be determined from the plain meaning of the words used in the statute, we will go no further." E-Z Supply, 883 P.2d at 835; quoting State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 204.

The dispute in this case centers on the meaning of the "provisions relating to maintenance" language in § 40-4-208(2)(a),

3

MCA. The ordinary and plain understanding of the word "provision" is "to provide" something. Indeed, this common understanding is reflected in the dictionary definition of "provision" as "the act of supplying . ; something provided." American Heritage Dictionary 1459 (3rd ed. 1992). Thus, a "provision relating to maintenance" under the statute is an affirmative and action-oriented undertaking; it is a present undertaking or action of providing maintenance for a spouse, providing other assets specifically in lieu of maintenance, or providing for the payment or seeking of maintenance in the future upon the occurrence of a specified event.

The language "neither of us seeks an award of maintenance" does not constitute a "provision relating to maintenance" when compared to the plain meaning of "provision." The language does not provide maintenance for a party in any form, or even provide for maintenance as a future possibility. The mere inclusion of the word "maintenance" in a decree via incorporation, such as occurred in this case, does not constitute a provision relating to maintenance under § 40-4-208(2)(a), MCA.

Arlene relies on Marriage of Cooper (1985), 216 Mont. 34, 699 P.2d 1044, and Marriage of Rush (1985), 215 Mont. 498, 699 P.2d 65, in arguing that the language in her agreement and decree constitutes a provision relating to maintenance under § 40-4-208(2)(a), MCA. Both cases are inapposite here.

In Cooper, we addressed an issue entirely different from the issue presently before us. There, the issue was which decree or

4

order constituted the "decree proposed for modification" for purposes of applying § 40-4-208(2)(a), MCA. <u>Cooper,</u> 699 P.2d at 1045. In addressing that issue, we observed that the original dissolution decree contained a provision relating to maintenance requiring Mr. Cooper to pay $4,200 in seven equal installments of $600 to his former wife, and permitting the former wife to petition for maintenance on the completion of those payments. <u>Cooper,</u> 699 P.2d at 1045. We did not define or interpret the "provision relating to maintenance" language in § 40-4-208(2)(a), MCA. Thus, <u>Cooper</u> is inapplicable here and nothing therein supports Arlene's argument.

In <u>Rush</u>, the former wife petitioned to modify a 1975 dissolution decree regarding maintenance more than two years after entry of the decree. <u>Rush</u>, 699 P.2d at 66. The decree contained maintenance provisions requiring payment of $400 per month until the payments reached a total of $24,000; all required maintenance payments had been made. The district court entertained, but denied, the former wife's petition to modify. The issue on appeal was whether the court erred in determining that the former wife had not satisfied the requirements of § 40-4-208(b), MCA. <u>Rush</u>, 699 P.2d at 66-67.

Prior to addressing that issue, we determined the fact that the maintenance required by the decree had been paid did not preclude an additional maintenance award as a matter of law. <u>Rush</u>, 699 P.2d at 66. In doing so, we did not specifically address the "provisions relating to maintenance" language in § 40-4-208(2)(a),

5

MCA. Thus, nothing in Rush supports Arlene's argument here. Indeed, any analogy which could be drawn to Rush would support our statutory interpretation in this case since it is clear that, there, the original decree contained provisions for the payment of maintenance. Rush, 699 P.2d at 66.

We conclude that the dissolution decree incorporating the parties' marital settlement agreement did not contain a provision relating to maintenance. We hold, therefore, that the District Court did not err in concluding that § 40-4-208(2)(a), MCA, bars Arlene's petition and in granting Charles' motion to dismiss.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices