No. 96-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE THE MARRIAGE OF

RITA ANN BROWN,

Petitioner and Appellant,

and

TORGER SPENCER OAAS,

Respondent and Respondent.


APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Mariah Eastman, Attorney at Law, Lewistown, Montana

For Respondent:

Torger S. Oaas, Attorney at Law, Lewistown, Montana



Submitted on Briefs: March 20, 1997

Decided:      June 24, 1997
Filed:


_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Rita Ann Brown (Brown) appeals from the order of the Tenth Judicial District Court, Fergus County, reducing her maintenance. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in reducing Brown's maintenance.

Brown and Torger Spencer Oaas (Oaas) were married in Lewistown, Montana, in 1980. They had two children during their marriage.

Brown petitioned for dissolution of the marriage in October of 1992. The parties agreed on the disposition of the marital estate; Brown received the family home, subject to any remaining indebtedness thereon, and a 1986 van and Oaas received his law practice, subject to existing indebtedness. They also agreed to joint custody of their two children, with Brown as the primary residential custodian. Oaas agreed to pay $850 per month in child support, or $425 per minor child. The parties were unable to reach an agreement regarding maintenance.

During the dissolution hearing on December 9, 1993, the parties informed the District Court of the substance of their dissolution agreement and read it into the record in its entirety. The court indicated that it would adopt the agreement and make findings and conclusions to that effect. The parties also indicated that the maintenance issue remained unresolved, and the court heard testimony and admitted other evidence on that issue. After the hearing, the parties reduced their dissolution agreement to writing and properly executed it.

The District Court subsequently entered findings of fact and conclusions of law adopting the parties' dissolution agreement and resolving the maintenance issue. Regarding maintenance, the court found that Brown was employable, but that her employment opportunities in Fergus County were limited; that Brown received little income-producing property, had substantial debt and would require a substantial monthly income to maintain the family residence; and that, at the time of the dissolution, Brown did not have the ability to support herself and would require maintenance for a period of time. Based on those findings, the District Court concluded that Brown was entitled to maintenance and ordered Oaas to pay her maintenance in the amount of $600 per month plus additional $1,000 payments on April 1st and September 1st of each year, for a total of $9,200 each year. The court also determined, based on the evidence presented, that "both parties will have to adjust their expectations and life styles to accommodate the realities of their situations." A decree dissolving the parties' marriage was

entered on February 24, 1994, and neither party appealed.

In February of 1996, Oaas moved the District Court to reduce or terminate maintenance, contending that there had been a change in circumstances so substantial as to warrant modifying the maintenance award. After a hearing on the motion, the District Court entered findings of fact and conclusions of law determining that a substantial and continuing change in circumstances had occurred and that modification of Brown's maintenance was warranted under 40-4-208(2)(b)(i), MCA. The court reduced Brown's maintenance award from $600 to $300 a month, but left intact the additional $1,000 maintenance payments due on April 1st and September 1st of each year. The court's modified maintenance award to Brown totals $5,600 per year, a reduction of $3,600 from the original award. Brown appeals.

Did the District Court abuse its discretion in reducing Brown's maintenance?

Section 40-4-208(2)(b)(i), MCA, provides that a decree containing provisions relating to maintenance may be modified only "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA, does not define the term unconscionable and we have declined to do so; rather, the interpretation of unconscionability must be made via case-by-case scrutiny of the underlying facts. In re Marriage of Hagemo (1988), 230 Mont. 255, 259, 749 P.2d 1079, 1082 (citation omitted).

Here, the District Court held a hearing and made numerous findings regarding each party's financial status, and the changes in Brown's financial status since the dissolution of the parties' marriage. Based on those findings, the court determined that there had been a substantial and continuing change in circumstances which rendered its prior maintenance award unconscionable and reduced the award accordingly. Brown argues that the District Court erred in doing so.

We generally review a district court's findings of fact under the clearly erroneous test. Rule 52(a), M.R.Civ.P.; Burris v. Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619. A court's findings are clearly erroneous if they are not supported by substantial credible evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. Burris, 852 P.2d at 619.

We recently have clarified, however, that a district court's determinations regarding "changed circumstances" and "unconscionability" under 40-4-208(2)(b)(i), MCA, are discretionary rulings. In re Marriage of Clyatt (1994), 267 Mont. 119, 122-23, 882 P.2d 503, 505; In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93. While Marriage of Clyatt and Marriage of Barnard involved modifications of child support rather than of maintenance, 40-4-208(2)(b)(i), MCA, governs both types of modification. Therefore, while we will continue to apply the clearly erroneous

standard in reviewing actual findings of fact in maintenance modification cases, we will review a district court's "changed circumstances" and "unconscionability" determinations under 40-4-208(2)(b)(i), MCA, under the abuse of discretion standard.

Brown contends that the District Court's finding that "[t]he present level of maintenance is unnecessary to maintain [Brown] and the children" is not supported by substantial credible evidence and is clearly erroneous. This finding was based, in turn, on underlying findings regarding Brown's employment, her ability to continue her employment, her acquisition of investment property and personal property, and her cohabitation with, and supporting of, Robert Britzius (Britzius). Therefore, before addressing whether the District Court's ultimate finding regarding the necessity of the original level of maintenance is clearly erroneous, we will first determine whether substantial credible evidence supports the court's underlying findings.

Brown testified that she began working at the Yogo Inn in July of 1994, but the position ended in January of 1995. Since June 1, 1995, she had been employed at the Western Lounge. Brown testified that she worked approximately thirty-two hours per week, earned $6.50 per hour plus tips, and could work full-time if she chose to do so. She stated at one point that she earns approximately $600 per month and, later, that she earns approximately $744 per month. In any event, the record is clear that Brown earns at least $600 per month from her employment at the Western Lounge.

Brown also testified regarding her acquisition of investment property. After the dissolution, she remortgaged the family home--which was almost entirely paid off--and purchased a four-bedroom home on twelve acres of land as an investment. She acquired the investment property in September of 1994, after she began working and earning an income. Brown testified that she earns $300 per month from the rental property, which is approximately $54 less than the monthly mortgage payment on the property. She did not purchase the property for rental income, however; rather, she purchased it as an investment and plans to sell it at a profit. Brown also purchased a vehicle on which she was making payments at the time of the hearing, and two snowmobiles for approximately $4,800.

According to Brown's testimony, her savings have been nearly depleted due to her increased debt. The District Court recognized that Brown's net worth had decreased but found that she was attempting to maintain a lifestyle beyond her means and that this was her choice. In any event, substantial evidence of record supports the District Court's findings that, since the dissolution, Brown borrowed and repaid money, acquired investment and personal property, and became and remained employed.

With regard to Brown's cohabitation with Britzius, the court found that Brown essentially was supporting Britzius. According to Oaas, Britzius has been living with Brown since December of 1994. He stated that his testimony in this regard was based

on what his children had told him as well as on his own personal observations-- specifically, that Britzius is always at Brown's residence when he drops off or picks up his children there approximately twenty-five times per month. Oaas also entered a photograph into evidence which demonstrated that Britzius used one of Brown's vehicles to travel to his place of employment in Judith Gap. In addition, Oaas testified that he had seen Britzius driving Brown's other vehicle on a separate occasion. Sandee Britzius, Britzius' ex-wife, testified that when she calls Britzius, she is able to reach him approximately 75% of the time at Brown's residence rather than at Britzius' listed telephone number. She further testified that her and Britzius' children were able to reach Britzius most often at Brown's residence. Brown and Oaas agree that Britzius does not contribute to the expenses of Brown's household. Thus, substantial evidence supports the District Court's finding.

Brown points out that she and Britzius testified that Britzius does not live with her and that she does not support him. The District Court found to the contrary, however, based on the entirety of the evidence and the candor, appearance and demeanor of the witnesses. We must give due regard to the court's opportunity to judge the credibility of witnesses. See Rule 52(a), M.R.Civ.P. Moreover, "when the record contains conflicting evidence, '[i]t is the function of the District Court to resolve such conflicts.'" In re Marriage of Abrahamson (Mont. 1996), 924 P.2d 1334, 1338, 53 St.Rep. 939, 942 (quoting In re Marriage of Penning (1989), 238 Mont. 75, 78, 776 P.2d 1214, 1216). We will not substitute our judgment for that of the district court on such matters. Marriage of Abrahamson, 924 P.2d at 1338.

We conclude that the District Court's underlying findings regarding Brown's employment, her ability to continue her employment, her acquisition of personal and investment property and her cohabitation with, and supporting of, Britzius are supported by substantial credible evidence and are not otherwise clearly erroneous. Moreover, the evidence supporting these findings also establishes changed circumstances. Specifically, since the dissolution, Brown has become employed; purchased investment property, one vehicle and two snowmobiles; borrowed and paid back money; and cohabits with Britzius, at least on a part-time basis, without any financial contribution from him for the upkeep of the family home. In other words, the evidence in this case indicates that, since the dissolution, Brown has demonstrated an ability to help meet the financial requirements of maintaining the family home and supporting herself. Therefore, we further conclude that the District Court's ultimate finding that the original level of maintenance is

no longer necessary is supported by substantial credible evidence; the court did not misapprehend the effect of the evidence and our review of the record does not suggest that a mistake has been committed.

Brown also challenges the District Court's determination that the change in circumstances in this case has been substantial and continuing, rendering the original maintenance award unconscionable. As we stated above, determinations regarding "changed circumstances" and "unconscionability" under 40-4-208(2)(b)(i), MCA, are discretionary rulings; accordingly, we will reverse such determinations only where the trial court has abused its discretion. See Marriage of Barnard, 870 P.2d at 93.

Brown's arguments regarding the District Court's determination that there are changed circumstances so substantial and continuing so as to render the original maintenance award unconscionable are premised entirely on her dissatisfaction with the District Court's cohabitation-related findings. First, Brown incorrectly assumes that the court's modification of her maintenance award was based entirely on its finding that she cohabits with, and helps support, Britzius. As illustrated in the foregoing discussion, however, that was not the case. Brown's cohabitation with Britzius was only one of the numerous changed circumstances leading the District Court to determine that the original maintenance award was unconscionable.

In a related argument, Brown contends that cohabitation alone is not a substantial change in circumstances making the original maintenance award unconscionable. We agree with the underlying premise of Brown's argument and, indeed, have so held in past decisions. See, e.g., In re Marriage of Bross (1993), 256 Mont. 174, 180, 845 P.2d 728, 731. We have not held, however, that cohabitation cannot be a factor in determining whether there have been changed circumstances. Here, the District Court considered all of the evidence, including cohabitation-related evidence coupled with evidence that Brown is supporting Britzius. Thus, the District Court's determination that there are substantial and continuing changed circumstances in this case making the original maintenance award unconscionable was not based solely on its cohabitation-related findings. As a result, Brown's argument in this regard is without merit.

We conclude that the District Court did not abuse its discretion in determining that the original maintenance award was unconscionable based on the substantial and continuing changed circumstances in this case.

Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/  JAMES C. NELSON
/S/  JIM REGNIER