DA 07-0426

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 187

IN RE THE MARRIAGE OF

IRENE CRILLY,

       Petitioner and Appellant,

   and

DONALD CRILLY,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-0566
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jill Deann LaRance, LaRance & Syth, Billings, Montana

      For Appellee:

      Timothy J. Whalen, Whalen & Whalen, Laurel, Montana

                        Submitted on Briefs:  October 16, 2008

                                Decided:  May 27, 2009

Filed:

            _____
                       Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Donald Crilly (Donald) filed a petition to modify the maintenance provision of the decree dissolving the marriage between him and Irene Crilly (Irene). The District Court granted Donald's petition, eliminating maintenance. Irene appeals. We affirm.

¶2 Approximately five months after this Court decided *In re Marriage of Crilly*, 2005 MT 311, 329 Mont. 479, 124 P.3d 1151 (*Crilly I*), Donald filed his petition to eliminate maintenance, asserting that the financial circumstances of the parties had changed and that it would be unconscionable to require him to continue paying $1,000 a month to Irene as maintenance.

¶3 In the decree distributing the parties' marital estate, the District Court ordered that real property on King Avenue (tract 2 C/S 976) in Billings be sold and the proceeds used to pay the debts of the marriage as well as any capital gains taxes.

¶4 The parties' remaining real property, located on Danford Road, was divided between the parties. Irene received 30 acres consisting of three lots, one of which included the family home. Donald received two lots, totaling 25 acres. The District Court noted at the time that "it is equitable for the parties to receive a nearly equal distribution of the marital estate, with Irene receiving maintenance."

¶5 Donald's petition to modify maintenance alleged that he was unable to pay maintenance, that the marital debt was paid from the proceeds of the King Avenue property and that Irene was able to meet her expenses without maintenance. Irene responded and filed

a discovery request seeking financial information from Donald. Donald did not fully comply with this request, which became a contentious issue. Irene filed a motion to compel which was partially granted. Irene has not appealed from this order regarding the motion to compel.

¶6 A hearing was held at which both parties testified concerning their financial status. Donald said that he could pay maintenance only by dissipating the assets that were distributed to him in the dissolution proceeding. Donald also testified he had received $350,000 from the sale of the Danford Road property.

¶7 Irene testified she was currently in the process of selling her part of the Danford Road property and she expected to receive $556,000 from that sale.

¶8 The District Court found that each party had received $35,000 from the sale of the King Avenue property. After additional briefing regarding sale of the parties' property, the District Court found that there had been a change in circumstances so substantial and continuing that the previous maintenance award was unconscionable. The District Court ordered Donald to pay $7,500 in unpaid maintenance and ordered future maintenance terminated. Irene appeals.

¶9 We review a district court's findings of fact in a dissolution proceeding to determine whether they are clearly erroneous. *Crilly I*, ¶ 10. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us that the district court made a mistake.

3

*Crilly I*, ¶ 10 (citing *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488). Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. *Crilly I*, ¶ 10 (citing *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, 110 P.3d 460). A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Crilly I*, ¶ 10 (citing *In re Marriage of Kotecki*, 2000 MT 254, ¶ 9, 301 Mont. 460, 10 P.3d 828).

¶10     Generally, maintenance is not favored. *In re Marriage of Luisi*, 232 Mont. 243, 247, 756 P.2d 456, 459 (1988). Maintenance is appropriate when a spouse has insufficient assets to cover living expenses and reasonably cannot earn a sufficient amount to maintain an appropriate standard of living. *In re Marriage of Johnsrud*, 181 Mont. 544, 553, 572 P.2d 902, 907 (1977); Section 40-4-203(2)(c), MCA .

¶11     Once entered, orders establishing maintenance may only be modified upon a showing of changed circumstances so substantial and continuing as to make the terms of a maintenance award unconscionable. Section 40-4-208(2)(b)(i), MCA. While this Court applies the clearly erroneous standard in reviewing findings of fact in maintenance modification cases, we review a district court's changed circumstances and unconscionability determinations under § 40-4-208(2)(b)(i), MCA, for an abuse of discretion. *In re Marriage of Brown*, 283 Mont. 269, 272-73, 940 P.2d 122, 124 (1997).

¶12     In the original decree the property distribution was intended to be approximately

4

equal. At that time, the Danford property distributed to Irene was valued at $225,960. However, Irene later sold that property, netting approximately $556,000, which is approximately $330,000 more than the value assigned at the time she was awarded maintenance. Thus, Irene had double the amount of property necessary to make an equal distribution of the marital estate. The District Court found that Irene's income had remained the same as it was at the time of the original distribution.

¶13 On the other hand, Donald sold his interest in the Danford property for an approximate net of $350,000. Also, the District Court found that Donald's income had decreased by about $1,000 per month after the time of the original decree.

¶14 Based on the evidence, the District Court concluded that there was a substantial change in the financial circumstances of the parties. Donald was making over $1,000 less per month, through no fault of his own, and Irene had at least $330,000 more than was necessary to accomplish an equal distribution of the marital estate.

¶15 The District Court also found that after the dissolution decree, the nature of Irene's property had changed from non-income producing to income producing. At the time of the original decree, the property Irene received was valued at $225,960 of which $105,000 was income producing. The District Court found that at the time of the hearing on the petition to modify maintenance, Irene had accumulated $556,000 in income producing property, an increase of approximately $456,000. The District Court thus found that Irene could earn sufficient interest to more than pay her living expenses. The District Court's findings are

5

supported by evidence in the record.

¶16    We conclude that the District Court did not abuse its discretion in determining the financial circumstances of the parties had undergone a substantial and continuing change which rendered the original award of maintenance unconscionable.  The District Court did not err in terminating Donald's maintenance obligation.

¶17    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS