DA 08-0557

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 239N

IN RE THE MARRIAGE OF

KAREN G. SCHANZ,

      Petitioner and Appellee,

  and

KENNETH L. SCHANZ,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                 In and For the County of Golden Valley, Cause No. DR-03-04
                 Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Craig R. Buehler, Attorney at Law; Lewistown, Montana

      For Appellee:

           Lee Rindal, Attorney at Law; Billings, Montana

                        Submitted on Briefs:  June 5, 2009

                        Decided:  July 21, 2009

Filed:

              _____
                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 In 2004, the District Court dissolved the marriage of Karen and Kenneth Schanz. Kenneth later moved the court to amend its Final Decree of Dissolution, asking that the court allow him to add the parties' daughter to his employer-sponsored medical insurance and reduce by a corresponding amount his monthly obligation to Karen for insurance premiums for the daughter under the decree. He also moved the court for relief from the decree and sought sanctions against Karen, claiming she failed to disclose certain assets during the dissolution proceeding as required by § 40-4-253, MCA. After a hearing during which both parties testified, the court denied Kenneth's motions.

¶3 Upon review of the record, we conclude the District Court did not err by concluding that Kenneth failed to carry the burden of proof on his claim that Karen failed to disclose numerous vehicles as required under § 40-4-253, MCA. Further, we hold the court did not abuse its discretion when it denied Kenneth's motion to modify the final decree regarding the Schanz's daughter's medical insurance coverage and Kenneth's

2

payments thereof. *See In re Marriage of Crilly*, 2009 MT 187, ¶ 11, 351 Mont. 71, 209 P.3d 249.

¶4      It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶5      Affirmed.

/S/ JIM RICE

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS