FILED

October 9 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0090

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 223N

IN RE THE MARRIAGE OF
PHILLIP E. KELLERMAN,

      Petitioner and Appellee,

  and

PAMELA J. KELLERMAN, k/n/a PAMELA J. LANDON,

      Respondent and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR 10-196
Honorable Jeffrey H. Langton, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Pamela J. Landon, self-represented, Stevensville, Montana

      For Appellee:

          Michael D. Montgomery, Attorney at Law, Hamilton, Montana


          Submitted on Briefs:  September 4, 2012

          Decided:  October 9, 2012


Filed:

        _____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Pamela J. Kellerman, k/n/a Pamela J. Landon (Pamela), appeals from the Findings of Fact, Conclusions of Law and Order entered by the District Court on January 31, 2011, dissolving the marriage between her and Phillip E. Kellerman (Phillip).  The parties were married approximately 17 years.

¶3      Pamela challenges the District Court's determinations regarding distribution of the marital estate.  She argues that the District Court did not properly consider her disability, did not consider her contributions as a homemaker, and erred by ordering sale of the marital home.  She also argues that the District Court erred by not enforcing an order requiring Phillip to obtain a drug assessment.

¶4      We review a district court's findings of fact in dissolution proceedings to determine whether they are clearly erroneous.  *In re Marriage of Crilly*, 2009 MT 187, ¶ 9, 351 Mont. 71, 209 P.3d 249.  "A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us the district court made a mistake."  *Crilly*, ¶ 9.  Absent clearly erroneous findings, we will affirm a district court's division of property and maintenance award unless we identify an abuse of discretion.  *Crilly*, ¶ 9.  "A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice."  *Crilly*, ¶ 9.

2

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court equally divided the equity in the marital home between the parties and further determined it would be "impossible to equitably divide the marital estate between the parties" without selling that property. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Further, an abuse of discretion by the District Court in the distribution of the marital estate and in the drug assessment issue has not been established.

¶6     Affirmed.


/S/ JIM RICE


We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS