DA 11-0608

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 256N

IN RE THE MARRIAGE OF
TERESA STUBER BURKE,

       Petitioner and Appellee,

  and

DANIEL BRIAN BURKE,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 07-463
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Patrick G. Sandefur, Attorney at Law; Missoula, Montana

       For Appellee:

          Gail H. Goheen, Attorney at Law; Hamilton, Montana

Submitted on Briefs:  October 24, 2012

Decided:  November 13, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Brian Burke (Daniel) appeals from the Findings of Fact, Conclusions of Law and Order entered by the District Court on June 2, 2011, dissolving the marriage between him and Teresa Stuber Burke (Teresa), and from the District Court's Amended Order entered on June 15, 2011, which noted an error in the Findings of Fact and Conclusions of Law and clarified the earlier order. The parties were married approximately 19 years beginning in 1988, and have two children.

¶3 Prior to their marriage, the parties entered a premarital agreement which addressed property issues and listed the parties' separate assets and their values. Daniel owned net assets valued at approximately $36,000 and Teresa owned net assets valued at approximately $8,000. The District Court found that, in May 2010, the marital estate held assets valued at $689,276 and liabilities of $450,451, for a net value of $238,825. The court distributed Daniel's life insurance, Teresa's Putnam Account, and both parties' retirement accounts to the respective party as titled, which the court found would give each party a roughly equal value of these assets. Of the remaining $133,334, the court determined that Daniel was entitled to $27,400 pursuant to the terms of the premarital agreement, leaving a balance of $105,934. Of this amount, one-half, or $52,947, was distributed to each party. $18,200 of Teresa's share was distributed to Teresa in vehicles and personal property, and the remaining $34,767 of her share was ordered to be paid to

2

Teresa by Daniel, who would retain most of the marital assets, including the parties' business interests.

¶4 Daniel challenges the distribution of the marital estate, arguing the District Court gave him insufficient property pursuant to the premarital agreement. There is no challenge to the Parenting Plan adopted by the District Court. Daniel argues the District Court failed to enforce the premarital agreement, erroneously interpreted the agreement, and improperly divided property subject to the agreement, asserting that "[t]he plain language of the premarital agreement fully supports Dan's argument that his claimed separate property should be excluded from the district court's consideration in its apportionment of the marital estate." He also takes issue with the District Court's finding that Teresa made substantial contributions to the property subject to the premarital agreement, particularly, the businesses he started up with assets he owned prior to the marriage.

¶5 We review a district court's findings of fact in dissolution proceedings to determine whether they are clearly erroneous. *In re Marriage of Crilly*, 2009 MT 187, ¶ 9, 351 Mont. 71, 209 P.3d 249. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us the district court made a mistake. *Crilly*, ¶ 9. Absent clearly erroneous findings, we will affirm a district court's division of property and maintenance award unless we identify an abuse of discretion. *Crilly*, ¶ 9. "A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *Crilly*, ¶ 9.

¶6 The premarital agreement provided an interpretational challenge for the parties and the District Court, leading to an extensive on-the-record discussion among them which eventually

3

led to an in-court oral stipulation or agreement concerning the application of the agreement which would govern the case. In its Findings of Fact, the District Court described it as follows: "The parties agreed at pp. 91-96 of the trial transcript that, under § 40-4-202, MCA, despite the premarital agreement, Dan must show a lack of statutory equitable contribution by Teresa to prevail on his separate property argument." Teresa did not challenge Daniel's valuations of the investments or business entities which he claimed were his separate property, but asserted that she had contributed to their value. The District Court agreed that Teresa had contributed to these assets.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact, including those regarding Teresa's contributions, are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. The District Court properly found that the parties had entered an in-court stipulation which governed the application of the premarital agreement. A party is bound by his or her judicial stipulations or admissions. *In re Marriage of Caras*, 2012 MT 25, ¶ 28, 364 Mont. 32, 270 P.3d 48. Further, an abuse of discretion by the District Court in the distribution of the marital estate has not been established.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER

4

/S/ MICHAEL E WHEAT