Justice Beth Baker delivered the Opinion of the Court.
***231 ¶ 1 Vincent G. Toenjes (Vince) appeals the order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to modify his maintenance obligation to his former spouse, Joni E. Hardy (Joni) and requiring him to pay Joni's attorney fees. Joni requests that this Court award additional attorney fees arising from this appeal. The District Court found that although Vince lost his job and source of income, the terms of the parties' settlement agreement relating to maintenance had not become unconscionable. We affirm and grant Joni attorney fees on appeal.
PROCEDURAL AND FACTUAL BACKGROUND
¶ 2 Vince and Joni married in May 1992 and had three children together. Joni stopped working in 2004 and became a stay-at-home mother. Vince was employed as an attorney during the marriage. At the time of the divorce, his annual base salary as general counsel for LifeStorage, LP, was $300,000.
¶ 3 Joni petitioned for dissolution of the marriage in May 2015. The parties signed a settlement agreement in December 2015. The settlement agreement awards Joni "a minimum of $90,000 per year, plus 15% [of] any income received by Vince in excess of his currently reported $25,000 regular per month base income" for a period of eight years. Joni's maintenance is capped at $125,000 per year. The agreement requires Vince to pay Joni no less than $7,500 per month through the eight-year period. Under the agreement, the maintenance payments are non-modifiable pursuant to § 40-4-201(6), MCA, with two exceptions. The exception at issue in this appeal provides:
In the event Vince's base wage income drops by 10% ($30,000) or more, Vince retains the right to seek modification of his maintenance obligation. If Vince desires to seek a modification of his maintenance obligation, he shall provide Joni documentation of his reduction in income from all sources and as much notice as possible about his intent to seek a reduction in his maintenance obligation. Regardless of the filing of a motion for modification, no modification in maintenance shall take effect sooner than two full calendar months following the date such motion is filed with the court in order to ensure Joni does not have an unexpected sudden drop in income. In the event of a motion for modification, all sources of income and benefits *1217 (direct and indirect) for the parties shall be considered and disclosed. The party filing the motion shall disclose all sources if [sic] income and benefits (direct or indirect) concurrently with filing his or her motion, and the party ***232 served with any such motion shall disclose all sources of income and benefits (direct and indirect) upon the earlier of: concurrently with filing his or her response to the motion or 21 days following service of the motion.
¶ 4 The District Court entered a final decree of dissolution incorporating the settlement agreement in January 2016. In July 2016, Vince's employer was sold to another company, and Vince was terminated as its general counsel. The District Court found that Vince received a severance package worth over $250,000 and 264,748 Series M equity profits as part of the sale. Vince has not disclosed the value of the Series M equity profits, nor does the record offer any explanation. The following month, Vince moved the District Court to reduce his maintenance obligation to zero until he was reemployed and had an income.
¶ 5 At the hearing on the motion, Joni explained her monthly expenses and other expenses she incurs for the children under the settlement agreement, including paying for half of the children's airline tickets to see their father in North Carolina, the costs of the children's extracurricular activities, rent for a home for her and the children, vehicle insurance for the teenage sons' car, cellular phones for all three children, the first $5,000 of medical bills for the children, as well as nearly $1,000 per month for her own health insurance, in addition to legal bills associated with the continuing legal proceedings under the settlement agreement. She testified that she and the children have had to change their lifestyles and cut back, including discontinuing cable television; not going out to eat; dropping some extracurricular activities; not spending money on clothing, shoes, haircuts, or replacement sporting equipment; and delaying medical procedures. She testified that she does not believe that Vince has had to change his lifestyle. Joni further testified that because of her brain injuries and PTSD from a prior injury, she has difficulty learning new things or finding gainful employment to support herself and the children. During his testimony, Vince did not deny that he continues to engage in extensive recreational travel and stays in expensive hotels and eats at expensive restaurants.
¶ 6 Shortly after the hearing, Joni filed a motion for new hearing, asserting that she had discovered that Vince had closed on a $1.4 million home in North Carolina with his girlfriend on the day of the previous hearing. In affidavits before the District Court, Vince explained that he had used some of his savings for part of the down payment, but that he had transferred any interest he had in the property to his girlfriend and that she was solely responsible for the ***233 mortgage on the property. The District Court issued its order denying a modification to Vince's maintenance obligation without ruling on the motion for a new hearing.
¶ 7 Vince remained largely unemployed until July 2017, when he took an "of counsel" position with a Georgia law firm. In his briefing before this Court, Vince states he earned $31,700 in 2017.
STANDARDS OF REVIEW
¶ 8 The interpretation of a written agreement is a question of law that we review for correctness. Ophus v. Fritz , 2000 MT 251, ¶ 19, 301 Mont. 447, 11 P.3d 1192.
¶ 9 A district court's determinations of "changed circumstances" and "unconscionability" under § 40-4-208(2)(b)(i), MCA, are discretionary rulings, which we review for an abuse of discretion. In re Marriage of Brown , 283 Mont. 269, 272-73, 940 P.2d 122, 124 (1997). We review any findings of fact in maintenance modification cases for clear error. In re Marriage of Brown , 283 Mont. at 272, 940 P.2d at 124.
DISCUSSION
¶ 10 Vince argues on appeal that the District Court incorrectly interpreted the maintenance provisions of the parties' marital and property settlement agreement. Vince argues that under the plain language of the agreement, if his base salary drops by ten percent or more, then the District Court must modify his maintenance payment to Joni upon his motion. He argues that the *1218 parties plainly intended that Vince's maintenance obligation would be reduced if his income were reduced. Vince concludes that the District Court should have reduced the maintenance payment to thirty percent of Vince's salary based on the terms of the contract or determined an appropriate reduction considering the factors under § 40-4-203(2), MCA.
¶ 11 The terms of a separation agreement "are enforceable as contract terms." Section 40-4-201(5), MCA ; see also In re Marriage of McKeon , 252 Mont. 15, 18-19, 826 P.2d 537, 540 (1992). We interpret contracts "to give effect to the mutual intention of the parties as it existed at the time of contracting." Section 28-3-301, MCA. We ascertain this intention from the writing alone when possible. Section 28-3-303, MCA. We interpret the language of contractual provisions according to their plain, ordinary meaning. Ophus , ¶ 23.
¶ 12 The settlement agreement between Vince and Joni provides that Vince shall pay Joni a minimum of $90,000 per year for eight years. In addition to this minimum, Joni receives fifteen percent of any income ***234 Vince earns in excess of $25,000 per month, except that Joni's yearly maintenance is capped at $125,000. Under the agreement, Vince "retains the right to seek modification of his maintenance obligation" if his base wage income drops by ten percent or more. The plain language of this provision sets a condition precedent to Vince's ability to "seek modification"; his base income must drop by ten percent or more. If this condition is met, the right "retained" is the right to petition the District Court for modification. Vince and Joni's agreement does not address how the court should decide whether to modify maintenance or by how much. Without such provisions in the contract, the default terms of § 40-4-208, MCA, provide the appropriate framework for the District Court to make such a determination.
¶ 13 Under § 40-4-208(2)(b)(i), MCA, a district court can modify maintenance "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." The party seeking modification of the agreement bears the burden of proving changed circumstances that make the maintenance provisions unconscionable. See In re Marriage of Rush , 215 Mont. 498, 501-02, 699 P.2d 65, 67 (1985) ; In re Marriage of Pearson , 1998 MT 236, ¶ 51, 291 Mont. 101, 965 P.2d 268.
¶ 14 Vince argues that the District Court erred in determining that the agreement was not unconscionable under § 40-4-208, MCA, without considering the factors under § 40-4-203, MCA. Section 40-4-203, MCA, however, governs the initial grant of maintenance; § 40-4-208, MCA, governs a change to existing maintenance obligations. See In re Marriage of Rush , 215 Mont. at 500-01, 699 P.2d at 66.
¶ 15 The District Court rightly considered testimony regarding the parties' standards of living, the obligations of each party under the agreement as a whole, and the job prospects of both parties in considering whether the terms of the maintenance obligation had become unconscionable. Vince has not argued that the District Court committed clear error in its factual findings regarding these issues. The record substantiates the District Court's ruling that Vince did not meet his burden to prove that his changed circumstances were "so substantial and continuing as to make the terms [of the maintenance obligation] unconscionable." Section 40-4-208(2)(b)(i), MCA. In denying Vince's motion to stay judgment pending appeal, the District Court observed that Vince has consistently been employed for more than twenty-five years and a high-income earner since at least 2004, that he has a highly valued skill set, and that the national economy has been strong throughout the duration of Vince's unemployment. The Court was not persuaded that Vince could not afford the agreed-to ***235 maintenance payments. We hold that the District Court did not abuse its discretion in determining that the changed circumstances did not make the maintenance obligation unconscionable.
¶ 16 Turning to attorney fees, we hold that the District Court properly granted attorney fees to Joni based on the terms of the settlement agreement: "In the event of future litigation between the parties to enforce any provision contained herein, the court, as a cost of suit, shall award reasonable attorneys' fees to the successful party." Joni successfully enforced the maintenance terms of the settlement agreement against *1219 Vince by obtaining a court order denying Vince's request to modify his maintenance obligation to her. The District Court did not err in granting Joni's fees. Joni also requests attorney fees on appeal based on the same provision. When a contract provides for attorney fees to the successful party, this Court also will award attorney fees on appeal. Eschenbacher v. Anderson , 2001 MT 206, ¶ 51, 306 Mont. 321, 34 P.3d 87 ("[W]here an award of attorney[ ] fees is based on a contract, the prevailing party is entitled to his reasonable attorney[ ] fees on appeal."). For these reasons, we affirm the District Court's award of attorney fees to Joni and also award Joni her attorney fees arising from this appeal.
CONCLUSION
¶ 17 The District Court order is affirmed. The case is remanded for the District Court to determine Joni's reasonable attorney fees arising from this appeal.
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
JIM RICE, J.
INGRID GUSTAFSON, J.